Clement, J.
(dissenting.) — as to the facts of this case I quote from the brief of counsel for plaintiff. “ On September 8th, 1883, he (plaintiff) was conveyed to the insane asylum at Flat-bush, after examination by Doctors Young and Stone, who pronounced him insane. During this period he has been under the care of Dr. Ferris, a physician at the asylum, who testified that the plaintiff’s case is incurable.”
And after stating that the Society had paid the wife the sick benefits coming to plaintiff for some time, I quote again from the brief, “ when they refused to pay her any longer and she was obliged to institute this action, etc.”
In the former opinion in this case I stated that if “ the judgment had been for defendant at special term and the plaintiff after proceedings in lunacy should by his committee bring an action for the same claim, the judgment could be avoided on the ground that the attorney had no authority to commence the action,” and I am still of the same opinion.
While a judgment cannot be attacked collaterally on the ground that the attorney had no authority to appear, yet it has never been held that where the record showed that the attorney had no authority, such a judgment could not be attacked in any proceeding collateral or otherwise.
The authority of the attorney to appear is presumptively good, and such presumptive authority can only be attacked in the action itself. I fail to see how there can be any presumption where the record shows to the contrary. The proof of a fact overcomes any presumption.
The record in this case shows that the plaintiff is an imbecile; the attorney for plaintiff states in his brief that he is incurably insane and the learned judge so found, and that he has been in the same condition since August, 1883.
A person, so far as his property rights are concerned, in law is presumed to be competent unless proceedings are taken against *864 him under sections 2320 to 2344 of tbe Code of Civil Procedure and a committee appointed as therein set forth.
Section 2320 provides that “ the jurisdiction of the supreme court extends to the custody of the person, and the care of the property of a person incompetent to manage himself or his affairs, in consequence of lunacy, idiocy or habitual drunkenness.” Section 2321 sets forth that the court “ may preserve his property from waste or destruction ; and out of the proceeds thereof must provide for the payment of his debts and for the safe keeping and maintenance, and the education when required of the incompetent person and his family.
Section 2322 provides that the jurisdiction specified in the last two sections must he exercised by means of a committee of the person or a committee of the property . . . appointed as prescribed in this title.
I think that the words “ must be exercised ” mean that the jurisdiction can be exercised in no other way and that the English cases cited by plaintiff holding that the wife has a right to sue in the name of her husband, as in this case, have no effect in this State.
The wife of a lunatic can only receive her support from the estate of her husband after a committee is appointed.
A person who brings an action is presumed to be sane until a committee is appointed and this presumption continues during its pendency and until judgment.
If a party brought an action and then gave a discontinuance before the trial, I do not think that his attorney would be allowed to avoid such discontinuance and go on and try the case on the ground that his client was demented andan imbecile and had been for years prior to the commencement of the action.
A plaintiff until he has been adjudged insane is not only presumed to be competent, but it is more than a presumption, it is a fact.
A person can bring an action to set aside an act done when he was of unsound mind, but the action is assumed to be brought during a lucid interval.
Lunatics are assumed to have lucid intervals and may recover; but in this case it is claimed and found as a part of plaintiff’s cause of action and as a ground of setting aside the release that the plaintiff has been demented since August, 1883, and as stated by plaintiff’s counsel in his brief, “ the plaintiff’s case is incurable.”
The plaintiff’s attorney in this action avoids a release given by'the plaintiff after the commencement of this action, not on proof that the plaintiff was insane at the time of giving the release, but on the ground that he lost his understanding in August, 1883, and never can regain the same.
If the plaintiff had been called as a witness for the defendant *865 and testified tbat he was sane at the time he gave the release and that he did not want the action to proceed, the facts would not be stronger than as the case stands.
Even if we assume that the plaintiff brought the action and that he is presumed to be sane, and that because the attorney is responsible, his authority cannot be attacked, then I think that it must be assumed that plaintiff had the legal right during the pendency of the action to discontinue the same or to release the cause of action. That under such circumstances, the plaintiff cannot be permitted to discredit himself.
There is an important question involved in this case as it seems to me.
A party is confined in a lunatic asylum for many years and yet until he is adjudged incompetent to manage his property no person can interfere with the same.
Proceedings in lunacy in this State are inexpensive and can be completed in less than twenty days.
Bumberg might not be found to be of unsound mind, so as to be incompetent to manage his property, and in law is not incompetent until a jury has so decided after notice to him.
In two cases which have come before me where applications have been made to declare persons actually confined in an asylum of unsound mind, and to have committees appointed, after a careful investigation it was determined in each case that the parties were not incompetent to manage their property and both were discharged from the asylum and subsequent events have proven that such determinations were right.
If it be held that a plaintiff can be confined and if his wife can litigate in his name and receive the fruits of the litigation, it, in my opinion, tends to establish a principle in the law which should not exist.
In the present case the plaintiff’s wife may be entitled to the money, but she should receive it only in the way provided by the Code; that is, through a. committee.
The principle involved in this case is that the right of a party to do as he sees fit with his own property, is taken from him without a hearing.
For the reasons given in my former opinion and as above stated, I am unable to agree in the opinion filed by the learned chief judge of this court.
The judgment should be reversed and a new trial granted, costs to abide the event; and under the circumstances, I think that the attorney for plaintiff should have leave to discontinue the action if he so elects, without costs.